### A. J. LINDEMANN & HOVERSON CO., Inc., v. J. ROSE & CO., Inc.

(District Court, S. D. New York. December 2, 1919.)

No. 15–212.

1. Patents ⬅328—For stove valid and infringed.
    The Lindemann patent, No. 1,127.652, for a stove adapted to burn both solid fuel and gas, held not anticipated, valid, and in a somewhat narrow field a pioneer; also held infringed.

2. Patents ⬅247—Changing part to function imperfectly, and supplementing with new part, does not avoid infringement.
    A defendant cannot escape infringement, by so constructing and arranging a part constituting an element of the patent claims that it performs

the function of the patented part imperfectly, and then adding another unpatented part, to insure against the failure of the first-named part to function properly.

In Equity. Suit by A. J. Lindemann & Hoverson Company, Incorporated, against J. Rose & Co., Incorporated. Decree for complainant.

Stephen J. Cox, of New York City, for plaintiff.

A. Parker Smith, of New York City, and J. McRoberts, of Chicago, Ill., for defendant.

ROSE, District Judge. [1] Plaintiff sues defendant for infringement of the Lindemann patent, No. 1,127,652, issued February 9, 1915, by selling in this district cooking stoves made by Cribben & Sexton Company, of Chicago. The last named conducted the defense, although it did not enter its formal appearance.

The value of a stove which could at one time be used with coal or wood as a fuel, and at another with gas, and at a third with both together, had long been appreciated. Various inventors took out patents for two-fuel stoves, some of which achieved the sought-for end more or less efficiently. There was, however, at least one drawback common to them all. It was necessary in practice to remove some part of the mechanism, when changing from one fuel to another. This was sometimes more or less troublesome, and was always to a degree inconvenient. So far as the record discloses, the patent in suit was the first to solve the problem, and the plaintiff anticipated all others in putting upon the market a stove which by the mere movement of a lever could be changed from a coal to a gas burner, or vice versa, and in which both fuels could be simultaneously used with some advantage. To accomplish this end the inventor had to make a number of adjustments and provide for various contingencies, in some cheap, simple, and comparatively fool-proof way.

When coal alone was used, it was desirable that all the space within the oven should be available for cooking. It was necessary that the bottom of the oven should be in contact with the hot air drawn through the flue chambers from the fire box. Between the gas flame and the articles to be cooked there had to be interposed something which would keep the flames from burning the food. He so organized his combination that he had a useful oven, with the proper flue space to insure heating of the bottom when used as a coal stove, and the necessary deflector when gas was employed. He made a portion of the bottom of his oven, when lifted, serve as a baffle for his gas burner. In his device the latter was so constructed that its flames ascended vertically under a plate, having a diameter of about 10 or 12 inches.

I see nothing in any of the many patents cited or in the evidence of prior use sufficient to raise any serious question as to validity. I cannot agree with defendant that plaintiff made an aggregation as distinguished from a combination. Anticipation more or less close may be found for each one of the separate elements of plaintiff's claims, and sometimes for several of them combined. Many of them serve functions which were also performed in the prior art. But before the

invention of the patent in suit no one had found out how they could be combined to produce the new, convenient, and time-saving result they now achieve. The end sought was obvious to everybody. Plaintiff was the first to find out how to attain it, and in a somewhat narrow field was a pioneer. The defendant has adopted in all essentials the means which made plaintiff's stove workable and useful, introducing into it such changes only as it hoped would, in view of the phraseology of plaintiff's claims, enable it to escape the charge of infringement; its stove was designed by those who were familiar with that of plaintiff; they, too, as did the plaintiff, used a plate, which formed a part of the oven floor when the stove was burning solid fuel alone.

Originally the plaintiff charged infringement of claims 1, 2, and 3, and of 17 to 27, inclusive. During the course of the trial it withdrew from consideration claims 3, 26, and 27. At the conclusion of the argument it appeared to me, for the reasons already stated, that claims 1 and 2 were valid, and that they had been infringed, if any had been. As all of them included the combination of claim 1, it was probable that, if an appeal were taken, the substantial issue between the parties could be more easily disposed of by confining consideration to the two important claims. Plaintiff acquiesced in this view, and asked permission to withdraw (without prejudice) all the claims, except 1 and 2. Over the objection of the defendant, such permission was given. It did not appear how the defendant could be hurt thereby, and it seemed that the interests of the parties and the convenience of the appellate court would be furnished by this simplification of the issues.

Claim 1 is for a combination of five elements: (1) A combined solid fuel and gas burning stove. (2) An oven therein. (3) A gas burner chamber extending vertically across the flue space between the oven and the oven bottom. (4) A plate seated in the oven bottom to cover the burner chamber and serving as a deflector when in a lifted position. (5) A lifting mechanism for the plate. Claim 2 contains an additional element of a damper, and to a degree limits some of the other elements. It is unnecessary to discuss these claims separately, for there is no serious question that each of them reads on the defendant's structure, if, when the stove is used exclusively for coal, the plate, which in defendant's device, as in the plaintiff's, is seated in the oven bottom, serves, when lifted, the purpose of a deflector.

[2] The gas burner of the plaintiff's stove is so constructed that its flames ascend vertically under its deflector plate. The portion of defendant's oven floor which rises is much smaller than that of plaintiff, having a diameter of a little more than 4 inches; but defendant's burner is so constructed that the orifices are arranged in a circle under the plate in such a way that the latter extends about one-quarter of an inch beyond them. The gas flames, when the pressure is considerable, shoot out through these orifices in a direction which more nearly approximates to the horizontal than to the perpendicular. At lower pressures there is a tendency of the flames to curve up vertically along the edge of the plate. Defendant, in addition, furnishes

a spreader plate, which is a part of one of its oven racks, and which, it is distinctly stated in its patent, does not have "to be removed or placed in position when changing from gaseous fuel to solid, or vice versa." In another part of this patent it says:

"In order to avoid the use of parts which must be removed when the range is being used as a coal range, we have provided a plate, which takes the place of one of the usual trays or detachable shelves that are employed in ovens; this plate being preferably imperforated throughout the main central portion, * * * so that, when it is placed in its lowermost position, it lies just above the burner when the latter is raised, spreading the flame and causing the products of combustion to travel to the four vertical walls of the oven, before they rise into the main body of the oven."

The evidence leaves in my mind no doubt that the portion of the device which forms part of the oven floor and also part of the top for the burner serves the purpose of a deflector plate, and that with great care the stove will serve successfully as a gas burner with no other baffle for the flames. Unquestionably in ordinary everyday practice an additional spreader is highly useful; but that does not alter the fact that the defendant has a plate which, when seated in the oven bottom, covers the burner, and serves as a deflector when it is lifted.

It follows that claims 1 and 2 are valid, and have been infringed.